**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EIG ENERGY FUND XIV, L.P., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:16-cv-333-APM |
| v. | ) |
| | ) |
| PETROLEO BRASILEIRO S.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................2

LEGAL STANDARDS .............................................................................................4

ARGUMENT ............................................................................................................5

I.      The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction Over
        SembCorp Marine and Jurong ...........................................................................5

        A.      The Complaint Fails To Allege Adequate Facts To Support Specific Personal
                Jurisdiction Under The State Long-Arm Statute ......................................5

        B.      The Complaint Fails To Allege *Any* Facts To Support That Personal Jurisdiction
                Over SembCorp Marine or Jurong Comports With Due Process ...........................6

II.     The Court Should Dismiss The Claims Against SembCorp Marine And Jurong
        For Lack Of Subject Matter Jurisdiction ...........................................................8

III.    The Court Should Dismiss The Claims Under The Doctrine Of Forum Non
        Conveniens.......................................................................................................8

        A.      Brazil Is An Available And Adequate Forum In Which These Claims May Be
                Litigated ...........................................................................................9

        B.      The Private And Public Interest Factors All Favor Brazil Over DC ....................10

IV.     The Complaint Fails To State A Claim For Civil Conspiracy Against SembCorp
        Marine And Jurong ........................................................................................13

CONCLUSION.........................................................................................................16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abend v. Samuel C. Boyd, Inc.*,
   No. 10-cv-480, 2010 WL 1993828 (D.D.C. May 19, 2010)......................................................8

*Acosta Orellana v. CropLife Int'l*,
   711 F. Supp. 2d 81 (D.D.C. 2010) ...................................................................................14, 15

*Allaithi v. Rumsfeld*,
   753 F.3d 1327 (D.C. Cir. 2014), *cert. denied*, 136 S. Ct. 37 (2015) ......................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................................................4

*Atlantigas Corp. v. Nisource, Inc.*,
   290 F. Supp. 2d 34 (D.D.C. 2003) ..............................................................................................4

*Bank of N.Y. Mellon Trust Co. N.A. v. Henderson*,
   107 F. Supp. 3d 41 (D.D.C. 2015), *appeal docketed*, No. 15-5186 (D.C. Cir.
   June 30, 2016)........................................................................................................................4, 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................................4

*BPA Int'l, Inc. v. Kingdom of Swed.*,
   281 F. Supp. 2d 83 (D.D.C. 2003) ....................................................................................10, 11

*Busby v. Capital One, N.A.*,
   932 F. Supp. 2d 114 (D.D.C. 2013) .....................................................................................14, 15

*Bush v. Butler*,
   521 F. Supp. 2d 63 (D.D.C. 2007) ...........................................................................................14

\* *Croesus EMTR Master Fund L.P. v. Federative Republic of Braz.*,
   212 F. Supp. 2d 30 (D.D.C. 2002) ...............................................................9, 10, 11, 12, 13

*Extra Equipamentos E Exportacao Ltda. v. Case Corp.*,
   361 F.3d 359 (7th Cir. 2004) .......................................................................................................9

*FC Inv. Grp. LC v. IFX Markets, Ltd.*,
   529 F.3d 1087 (D.C. Cir. 2008) .................................................................................................6

*First Chi. Int'l v. United Exch. Co.*,
   836 F.2d 1375 (D.C.Cir. 1988)...................................................................................................4

*Geier v. Conway, Homer & Chin-Caplan, P.C.*,
  983 F. Supp. 2d 22 (D.D.C. 2013) ....................................................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 924 (2011) ........................................................................................................6, 7

*Graves v. United States*,
  961 F. Supp. 314 (D.D.C. 1997) .....................................................................................14

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
  199 F.3d 1343 (D.C. Cir. 2000) ........................................................................................6

* *Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947), *superseded by statute on other grounds*, Act of June 25,
  1948, ch. 646, 62 Stat. 869, 937, *as recognized in Am. Dredging Co. v. Miller*,
  510 U.S. 443 (1994) ..............................................................................................10, 11, 12

*Halberstam v. Welch*,
  705 F.2d 472 (D.C. Cir. 1983) ........................................................................................14

* *Irwin v. World Wildlife Fund, Inc.*,
  448 F. Supp. 2d 29 (D.D.C. 2006) .........................................................................10, 11, 12

*Lans v. Adduci Mastriani & Schaumberg LLP*,
  786 F. Supp. 2d 240 (D.D.C. 2011) ..................................................................................9

* *MBI Grp., Inc. v. Credit Foncier du Cameroun*,
  558 F. Supp. 2d 21 (D.D.C. 2008), *aff'd*, 616 F.3d 568 (D.C. Cir. 2010) .............10, 11, 12, 13

*MBI Grp., Inc. v. Credit Froncier Du Cameroun*,
  616 F.3d 568 (D.C. Cir. 2010) ..........................................................................................8

*McCreary v. Heath*,
  No. Civ.A. 04-0623 PLF, 2005 WL 3276257 (D.D.C. Sept. 26, 2005) ..................................15

*Naartex Consulting Corp. v. Watt*,
  722 F.2d 779 (D.C. Cir. 1983) ..........................................................................................4

*Nader v. Democratic Nat'l Comm.*,
  567 F.3d 692 (D.C. Cir. 2009) ........................................................................................13

*New Vision Photography Program, Inc. v. D.C.*,
  54 F. Supp. 3d 12 (D.D.C. 2014) ......................................................................................8

*Page v. Mancuso*,
  999 F. Supp. 2d 269 (D.D.C. 2013) ................................................................................15

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981) ..................................................................................................9

*Platypus Wear, Inc. v. Clarke Modet & Co.,*
    No. 06-20976-CIV, 2008 WL 186637 (S.D. Fla. Jan. 18, 2008) ...............................9

*Reingruber v. Dennison Int'l Co.,*
    No. 97 CIV. 7023(DC), 1998 WL 760229 (S.D.N.Y. Oct. 30, 1998) .......................9

*Riddell v. Riddell Washington Corp.,*
    866 F.2d 1480 (D.C. Cir. 1989) ................................................................................9

* *Rush v. Savchuk,*
    444 U.S. 320 (1980) ............................................................................................5, 7, 8

*Saksenasingh v. Sec'y of Educ.,*
    126 F. 3d 347 (D.C. Cir. 1997) .................................................................................8

*Stevens v. Sodexo, Inc.,*
    846 F. Supp. 2d 119 (D.D.C. 2012) ........................................................................16

*Sturdza v. UA.E.,*
    281 F.3d 1287 (D.C. Cir. 2002) ..............................................................................13

*United States v. Eisenberg,*
    149 F. Supp. 3d 71 (D.D.C. 2015) ..........................................................................13

*Value Partners, S.A. v. Bain & Co.,*
    No. 98 Civ. 1562(SAS), 1998 WL 336648 (S.D.N.Y. June 22, 1998)....................10

* *Walden v. Fiore,*
    134 S. Ct. 1115 (2014) .....................................................................................6, 7, 8

*Williams v. Romarm, S.A.,*
    756 F.3d 777 (D.C.Cir. 2014) ...................................................................................4

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)................................................................................................6, 7

* *Youming Jin v. Ministry of State Sec.,*
    335 F. Supp. 2d 72 (D.D.C. 2004) ..........................................................4, 5, 6, 8, 14

**Statute and Rule**

D.C. Code § 13-423(a)........................................................................................................5

Fed. R. Civ. P. 9(b) ..........................................................................................................13

## INTRODUCTION

Plaintiffs' flimsy conspiracy charge against SembCorp Marine and Jurong Shipyard does not belong in any forum, and certainly not this one.  Plaintiffs claim that a Brazilian defendant, Petroleo Brasileiro, S.A. (Petrobras), defrauded them into making an investment in Brazil that collapsed when authorities in Brazil uncovered public corruption in Brazil.  In their amended complaint, plaintiffs tack on seven additional foreign defendants who allegedly possess shipyards in Brazil and also allegedly participated in the Brazilian corruption.  SembCorp Marine and Jurong are two of these defendants.  For several reasons, this Court should dismiss the claims against them.

First, plaintiffs fail to establish personal jurisdiction over SembCorp Marine and Jurong, both of which are based in Singapore.  The amended complaint makes no allegation that these foreign companies have anything to do with Washington, DC.  Nor does the complaint allege purposeful availment of the DC forum or that this case arises out of such purposeful availment.  Thus, plaintiffs fail to satisfy the long-arm statue and Due Process.

Second, the Court lacks subject-matter jurisdiction over the claims against SembCorp Marine and Jurong.  The assertion of jurisdiction over these defendants is entirely derivative of plaintiffs' jurisdictional claim against Petrobras.  Once the Court dismisses the claims against Petrobras (for the reasons Petrobras states in its brief), the Court should likewise dismiss the claims against SembCorp Marine and Jurong for lack of subject matter jurisdiction.

Third, the Court should dismiss these claims under the doctrine of forum non conveniens.  If the claims are heard anywhere, they should be heard in Brazil, which is locus where the alleged misfeasance occurred and which provides an adequate alternative forum.

Fourth, plaintiffs' scant allegations against SembCorp Marine and Jurong fail to state a claim for relief on the merits.  A claim of conspiracy to defraud must be plead with particularity,

and plaintiffs do not come close.  The complaint contains nothing more than barebones

conclusory allegations that SembCorp Marine and Jurong formed an agreement with co-

conspirators.  Well-established case law confirms that such allegations are inadequate.

## BACKGROUND

Plaintiffs sued Petrobras in February 2016, alleging fraud, aiding and abetting fraud, and

civil conspiracy to commit fraud.  Dkt. No. 1.  Plaintiffs are various investment funds and an

entity that manages those funds.  *Id.* ¶¶ 8-16.  Petrobras is a Brazilian petroleum company whose

majority owner is the Brazilian government.  *Id.* ¶ 17.  The crux of plaintiffs' original complaint

is that Petrobras fraudulently induced them to invest in a Brazilian entity called Sete Brasil

Participacoes, which would build specialty offshore drillships for oil and gas operations in

Brazil.  *Id.* ¶ 4.  According to the complaint, Petrobras and Sete did not disclose all of the risks

associated with the investments, including ongoing corruption and bribery.  *Id.* ¶¶ 1-4.

Allegedly, when the corruption was uncovered, Sete collapsed and plaintiffs lost their

investments.  *Id.*

In May 2016, plaintiffs amended their complaint to add a host of additional defendants,

referred to collectively as the Shipyard Defendants.  Am. Compl. 1-2.  They are:  Odebrecht,

Odebrecht Engenharia, Keppel, Keppel Offshore, SembCorp Industries, SembCorp Marine, and

Jurong (which is a wholly owned subsidiary of SembCorp Marine).  *Id.* ¶¶ 20-26.  The Shipyard

Defendants purportedly paid bribes to Petrobras to obtain shipbuilding contracts in certain

Brazilian shipyards.  *Id.* ¶ 3.

Two of these defendants—SembCorp Marine and Jurong—are based in Singapore and

own a shipbuilding company that operates in Brazil.  *Id.* ¶¶ 24-26.  The complaint alleges no

connection between these defendants and Washington, DC—or, for that matter, anywhere in the

United States.  The only DC-related allegations in the complaint are that one of the *plaintiffs* is

2

based in the city, that this plaintiff received some documents in DC, and that a Sete

representative attended one meeting with in DC.  *Id.* ¶¶ 18, 36-44, 53.

The complaint also fails to adequately allege a connection between SembCorp Marine or

Jurong and the purported conspiracy to defraud, which is the only claim against them.  Plaintiffs

allege a bald conclusion:  "Upon information and belief, all of the defendants agreed to

participate in—and in fact did participate in—the Petrobras Corruption Scheme, an unlawful and

tortious conspiracy."  *Id.* ¶ 99; *see id.* ¶ 100 ("In an effort to finance this unlawful conspiracy

while maintaining its covert nature, and thus with at least the implicit assent of all co-

conspirators, Petrobras and its Sete-installed Petrobras cronies fraudulently induced the Funds to

invest in Sete through materially false and misleading written and oral statements.").  Nowhere

do plaintiffs offer any details regarding this purported "agree[ment]" and "implicit assent."

Indeed, the only factual allegations specific to Sembcorp and Jurong do not even allege

an agreement to defraud investors.  Rather, plaintiffs merely assert, "upon information and

belief," that a "former agent" of SembCorp Marine and Jurong, Guilherme Esteves de Jesus, paid

"bribes to Petrobras executives" to obtain contracts.[1]  *Id.* ¶ 67; *see also id.* (asserting that

SembCorp Marine press release admits that Mr. de Jesus was "connected to companies" engaged

by "subsidiaries" as consultants "in connection with the [Sete] Contracts"); ¶ 60 (bribes for

contracts); ¶¶ 109-110 (concluding that SembCorp Marine and Jurong are liable).  Plaintiffs do

not allege that Mr. de Jesus—let alone SembCorp Marine or Jurong—agreed to join a conspiracy

to defraud.

---

[1] The amount of these alleged bribes is unclear because the complaint is internally inconsistent, *compare id.* ¶ 67 ("at least $8.2 million") *with id.* ¶ 60 ("at least $5 million").

## LEGAL STANDARDS

SembCorp Marine and Jurong move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of jurisdiction, Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim.  The plaintiff bears the burden of "establishing a factual basis for the [C]ourt's exercise of personal jurisdiction over" each defendant, *Williams v. Romarm, S.A*., 756 F.3d 777, 785 (D.C. Cir. 2014), and for establishing "a prima facie case that personal jurisdiction exists," *Youming Jin v. Ministry of State Sec.*, 335 F. Supp. 2d 72, 77 (D.D.C. 2004).  "Conclusory statements ... do not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction."  *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983) (same); *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003) (plaintiff "cannot rely on conclusory allegations").

A motion to dismiss under Rule 12(b)(6) requires the Court to ask whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]  The complaint must therefore offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  *Iqbal*, 556 U.S. at 678.  Further, claims sounding in fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *See, e.g.*, *Bank of N.Y. Mellon Trust Co. N.A. v. Henderson*, 107 F. Supp. 3d 41, 48 (D.D.C. 2015) (civil conspiracy to defraud).

---

[2] Needless to say, the complaint includes many untrue allegations, but for purposes of this motion only, SembCorp Marine and Jurong take them as true.

**ARGUMENT**

I.    **The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction Over SembCorp Marine and Jurong.**

Plaintiffs bear the burden of establishing personal jurisdiction over each defendant.  *See, e.g.*, *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980).  Plaintiffs claim only specific jurisdiction, Am. Compl. ¶ 29, which presents a two-part inquiry:  "A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."  *Youming Jin*, 335 F. Supp. 2d at 77.  Plaintiffs fail both steps and, in fact, do not even mention the second—a defect that is itself grounds for dismissal.

A.    **The Complaint Fails To Allege Adequate Facts To Support Specific Personal Jurisdiction Under The State Long-Arm Statute.**

Plaintiffs' personal jurisdiction allegation is two sentences long.  It states:

> The Court has personal jurisdiction over the Shipyard Defendants under D.C. Code § 13-423(a) because those defendants participated with Petrobras and others in an unlawful conspiracy and overt acts taken in furtherance of that conspiracy, such as the fraudulent inducement of the Funds' investment in Sete, were taken within and directed at the District of Columbia. In addition, plaintiffs have suffered tortious injury in the District of Columbia, including the loss of their investment in Sete, as the result of acts and omissions taken in furtherance of the defendants' conspiracy.

Am. Compl. ¶ 29.

This brisk citation to a broad subsection of DC's long-arm statute—a subsection that provides seven different bases for long-arm jurisdiction, D.C. Code § 13-423(a)—is insufficient. *See, e.g.*, *Youming*, 335 F. Supp. 2d at 78 ("Indeed, the D.C. Circuit has stated that 'our cases clearly require *unusually particularized pleading* [of the elements of conspiracy jurisdiction].'") (alteration in original) (emphasis added).  The complaint makes no allegation that SembCorp Marine or Jurong took any "over act[ion]" in DC, and plaintiffs' cursory reference to a

"conspiracy" adds nothing to the claim, especially since the complaint fails to adequately allege that either defendant "participated … in an unlawful conspiracy."  Am. Compl. ¶ 29; *see infra* Part IV.  Thus, plaintiffs have not established jurisdiction under the long-arm statute.

### B.   The Complaint Fails To Allege *Any* Facts To Support That Personal Jurisdiction Over SembCorp Marine or Jurong Comports With Due Process.

In any event, the complaint stops after the first step in a two-step inquiry, ignoring Due Process completely.  It is Civil Procedure 101 that personal jurisdiction requires plaintiffs to comply with *both* the long-arm statute *and* the Due Process Clause.  *See, e.g.*, *Youming*, 335 F. Supp. 2d at 80; *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1095 (D.C. Cir. 2008); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  But plaintiffs fail to plead personal jurisdiction under the Due Process Clause and with good reason: SembCorp Marine and Jurong had no contacts with DC that could possibly support haling them into court here.

As the Supreme Court has explained, the defendant must have "minimum contacts" with the forum, and that inquiry "focuses on the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore,* 134 S. Ct. 1115, 1121 (2014).  The defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011), "such that [it] should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).  The defendant's "suit-related conduct," moreover, "must create a substantial connection with the forum State."  *Walden,* 134 S. Ct. at 1121.  The mere fact that the defendant's conduct could ultimately affect or touch residents of the forum "has never been a sufficient benchmark for personal jurisdiction."  *World-Wide Volkswagen*, 444 U.S. at 295-97.

Due Process also insists that the inquiry turn on *each* defendant's *own* conduct and contacts with the forum State.  The relationship between the defendant, the forum, and the litigation therefore "must arise out of contacts that the defendant *himself* creates with the forum State," and the "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."  *Walden,* 134 S. Ct. at 1122, 1125.  That is why, for example, the Supreme Court had no trouble concluding that an attempt to attribute one defendant's contacts to another defendant by "considering the 'defending parties' together and aggregating their forum contacts" was "plainly unconstitutional."  *Rush*, 444 U.S. at 331-32.  And it is also why "a defendant's relationship with a plaintiff or third-party, standing alone, is an insufficient basis for jurisdiction" over the defendant.  *Walden,* 134 S. Ct. at 1123.

Plaintiffs do not even try to establish personal jurisdiction over SembCorp Marine and Jurong under these principles.  Plaintiffs do not allege, for instance, that SembCorp Marine and Jurong "purposefully avail[ed] [themselves] of the privilege of conducting activities within [DC]," *Goodyear*, 564 U.S. at 924, or that SembCorp Marine and Jurong had *any* contacts with DC at all.  Both are foreign companies "organized and existing under the laws of Singapore" with their principal places of business in Singapore.  Am. Compl. ¶¶ 25-26.  Plaintiffs do not allege that either SembCorp Marine or Jurong has offices or employees in DC, does any business in DC, or sells any products in DC.  Nor do plaintiffs allege that their claims arise out of or relate to any such purposeful availment.  *See, e.g.*, *World-Wide Volkswagen*, 444 U.S. at 295-97.  The complaint is completely silent on these jurisdictional prerequisites.

The purported contact of *other* parties or entities to DC does not justify asserting personal jurisdiction over SembCorp Marine or Jurong.  *Walden,* 134 S. Ct. at 1122, 1125.  As noted,

jurisdiction must be premised on contacts the "defendant *himself*" creates with the forum State, *id.* at 1121, and co-defendants' contacts cannot be considered together, aggregated, and attributed to one another, *Rush*, 444 U.S. at 331-32.  As this Court has held:  "Personal jurisdiction, even if based on conspiracy, requires purposeful availment" and must comport with Due Process.  *Youming,* 335 F. Supp. 2d at 80.

## II.     The Court Should Dismiss The Claims Against SembCorp Marine And Jurong For Lack Of Subject Matter Jurisdiction.

The complaint is clear that the only basis for subject matter jurisdiction is that this case supposedly falls within one of the Foreign Sovereign Immunity Act's limited exceptions.  Am. Compl. ¶ 28.  In its brief, Petrobras explains that the exception does not apply.  Once the Court holds that there is no subject matter jurisdiction over the claim against Petrobras, the claims against SembCorp Marine and Jurong should be dismissed as well.  *See, e.g.*, *Saksenasingh v. Sec'y of Educ.*, 126 F. 3d 347, 351 (D.C. Cir. 1997); *New Vision Photography Program, Inc. v. Dist. of Columbia*, 54 F. Supp. 3d 12, 34 (D.D.C. 2014); *Abend v. Samuel C. Boyd, Inc.*, No. 10-cv-480, 2010 WL 1993828, at *1 (D.D.C. May 19, 2010).

## III.    The Court Should Dismiss The Claims Under The Doctrine Of Forum Non Conveniens.

Alternatively, the Court should dismiss under the doctrine of forum non conveniens.  A suit may be dismissed if "there is an alternative forum that is both available and adequate and, upon a weighing of public and private interests, the strongly preferred location for the litigation." *MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 571 (D.C. Cir. 2010).  Brazil is an available and adequate forum in which to litigate, and every single public and private interest factor weighs strongly in favor of dismissal.

A.     **Brazil Is An Available And Adequate Forum In Which These Claims May Be Litigated.**

The availability and adequacy of a Brazilian forum are clear.  To demonstrate availability, a defendant must ordinarily be "'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506 (1947)).  The allegations in this case center around Brazil, and, as Petrobras also explains in its brief, courts have readily found Brazil to be available in comparable circumstances.  *See, e.g.*, *Croesus EMTR Master Fund L.P. v. Federative Republic of Braz.*, 212 F. Supp. 2d 30, 38 (D.D.C. 2002).

Brazil would also be an adequate forum in which to litigate this dispute.  An adequate alternative forum need not have identical causes of action or identical remedies; alternative actions that address the same alleged wrongdoing suffice.  *See Lans v. Adduci Mastriani & Schaumberg LLP*, 786 F. Supp. 2d 240, 292 (D.D.C. 2011).  Plaintiffs have brought a claim for civil conspiracy to defraud against SembCorp Marine and Jurong, and Brazil permits litigation on that basis.  Several courts have held Brazil to be an adequate forum in which to litigate civil fraud claims.  *See, e.g.*, *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 362 (7th Cir. 2004); *Platypus Wear, Inc. v. Clarke Modet & Co.*, No. 06-20976-CIV, 2008 WL 186637, at *1-2 (S.D. Fla. Jan. 18, 2008); *cf. Reingruber v. Dennison Int'l Co.*, No. 97 CIV. 7023(DC), 1998 WL 760229, at *4 (S.D.N.Y. Oct. 30, 1998) (dismissing a case on grounds of forum non conveniens while "assuming plaintiffs have stated a viable fraud claim" that would make Brazil a suitable alternative forum).  Likewise, civil conspiracy is essentially a claim of vicarious liability for someone else's fraudulent activities, *e.g.*, *Riddell v. Riddell Washington Corp.*, 866 F.2d 1480, 1493 (D.C. Cir. 1989), and several courts have also recognized that Brazilian law endorses vicarious liability through the concept of conspiracy, *see, e.g.*, *Platypus*

*Wear*, 2008 WL 186637, at *1-2; *Value Partners, S.A. v. Bain & Co.*, No. 98 Civ. 1562(SAS), 1998 WL 336648, at *3 (S.D.N.Y. June 22, 1998).  This Court should follow suit.

> **B.      The Private And Public Interest Factors All Favor Brazil Over DC.**

In *Gulf Oil Corp v. Gilbert*, the Supreme Court spelled out a variety of both private and public interests that should be addressed when making a determination under forum non conveniens.  *See* 330 U.S. at 508.  Although that inquiry often involves a balance, there is nothing to balance here:  Every single factor cuts in favor of litigating this dispute in Brazil.[3]

*Private Interests*.   The private interests include the "relative ease of access to sources of proof"; "availability of compulsory process for attendance of unwilling" witnesses; "the cost of obtaining attendance of willing" witnesses; the "possibility of view of premises" if needed; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*

Because plaintiffs' civil conspiracy claim is predicated solely on alleged conduct by SembCorp Marine and Jurong in Brazil, "access to sources of proof would be much easier if the case were heard" in Brazil rather than the District of Columbia.  *BPA Int'l, Inc. v. Kingdom of Swed.*, 281 F. Supp. 2d 83, 86 (D.D.C. 2003).  Likewise, any documents or communications between Petrobras and the other defendants would likely be in Portuguese, the national language of Brazil, and would thus require translation here, resulting in "a substantial overlay of cost to [the] proceeding, in addition to consuming large amounts of time and effort that might be unnecessary" abroad.  *MBI Grp., Inc. v. Credit Foncier du Cameroun*, 558 F. Supp. 2d 21, 32-33 (D.D.C. 2008), *aff'd*, 616 F.3d 568 (D.C. Cir. 2010); *see also Irwin v. World Wildlife Fund, Inc.*, 448 F. Supp. 2d 29, 35 (D.D.C. 2006); *Croesus*, 212 F. Supp. 2d at 38-39 (reasoning that

---

[3] Although plaintiffs' claims fail under ordinary forum non conveniens principles, as Petrobras explains in its brief, an applicable forum-selection clause means that the inquiry and weighing of these factors should be even more heavily tilted in favor of Brazil.

translating "an abundance of materials from Portuguese to English" is a "substantial reason[] for favoring Brazil as the forum"). And, of course, essential witnesses, including Mr. de Jesus and Pedro José Barusco Filho, Am. Compl. ¶ 60, presumably speak Portuguese—meaning that live testimony in DC could require a translator, which "only further compounds the inefficiency involved with a trial" in the U.S. *MBI Grp.*, 558 F. Supp. 2d at 33.

The remaining factors are similar. Availability of compulsory process is a "primary concern to the Court," *Irwin*, 448 F. Supp. 2d at 35, and none of the potential witnesses in this case (aside from some plaintiffs) resides in the United States. Accordingly, "none can be compelled to attend trial" by use of this Court's subpoena power. *Id.*; *see also MBI Grp.*, 558 F. Supp. 2d at 33; *BPA Int'l*, 281 F. Supp. 2d at 86; *Croesus*, 212 F. Supp. 2d at 39. On top of that, even if non-U.S. witnesses were willing to travel, "the cost of bringing [those] witnesses to Washington, D.C. would be significant." *Irwin*, 448 F. Supp. 2d at 35; *see also Gulf Oil*, 330 U.S. at 508. And, to the extent that Brazil would require the physical presence from any of the witnesses residing in the United States, "there are far fewer witnesses from the United States who would need to travel to [Brazil] than vice versa." *MBI Grp.*, 558 F. Supp. 2d at 33-34; *see also Gulf Oil*, 330 U.S. at 508. Finally, if it were necessary to view the areas surrounding the project's shipyards or drilling sites, that can only take place in Brazil. *See id.* at 34; *see also Gulf Oil*, 330 U.S. at 508.

At bottom, if plaintiffs' claims against SembCorp Marine and Jurong are not dismissed outright—as they should be—they belong in Brazil. Indeed, this Court recently reached a similar conclusion in an analogous case. In *MBI Group v. Credit Foncier Du Cameroun*, a Delaware corporation brought suit alleging that the defendant had committed commercial torts and breach of contract after a deal to develop affordable housing in Cameroon fell apart. *See* 558 F. Supp.

11

2d at 22, 24-25.  The Court held that "the balance of private interests strongly tilt[ed]" toward

trying the case in Cameroon, rather than DC.  *Id.* at 34.  The same is true here.

　　*Public Interest*.  The public interest factors include "administrative difficulties" that result

from foreign litigation congesting local courts; the burden of jury duty that "ought not to be

imposed" upon the people of a community with no relation to the litigation; "local interest in

having localized controversies decided at home"; and the "appropriateness" of holding a trial in a

forum "at home with the [] law that must govern the case, rather than having a court in some

other forum untangle problems in conflict of laws, and in law foreign to itself."  *Gulf Oil*, 330

U.S. at 508-09.

　　These factors point uniformly to Brazil.  As to the first factor, "[t]he administrative

difficulties of trying this case 'in a forum thousands of miles away from the majority of

witnesses and the evidence are obvious.'"  *Irwin*, 448 F. Supp. 2d at 35-36 (quoting *Gonzalez v.

Naviera Neptuno A.A.*, 832 F.2d 876, 879 (5th Cir. 1987)).  Litigating the claim here would be

"expensive, cumbersome and time-consuming," *Croesus*, 212 F. Supp. 2d at 39, and would

impose the very administrative difficulties *Gulf Oil* counsels courts to avoid, *see* 330 U.S. at 508.

The interest in having localized controversies decided at home, *id.* at 509, also favors dismissal,

because "everything relevant to the dispute occurred in" Brazil.  *MBI Group*, 558 F. Supp. 2d at

34.

　　In a similar vein, the claim may be governed by Brazilian law or at least may implicate

"substantial choice-of-law problems."  *Irwin*, 448 F. Supp. 2d at 36; *see also Gulf Oil*, 330 U.S.

at 509 (listing as a public interest the avoidance of having a court "untangle problems in conflict

of laws, and in law foreign to itself").  In such circumstances, this Court has found that

unfamiliarity with a foreign body of law "weighs heavily in favor of dismissal."  *MBI Grp.*, 558

F. Supp. 2d at 35; *see also Croesus*, 212 F. Supp. 2d at 41 (discussing lack of familiarity with Brazilian law and the obstacles to its analysis of foreign law issues posed by "its inability to work directly from the original Portuguese-language Brazilian legal sources").

Finally, the complaint's "tenuous connections to the United States" cannot overcome the many factors counseling dismissal. *See MBI Grp.*, 558 F. Supp. 2d at 34. Allegations that, for example, presentations and documents were sent to plaintiffs in the United States, Am. Compl. ¶¶ 40, 44, 47-50, or that a Sete representative discussed the project in the United States, *id.* ¶¶ 51-53, are precisely the kind of attenuated connections that do not warrant keeping litigation here. Indeed, in *MBI Group*, the initial contract was signed in Maryland and officials from the Cameroonian company visited the United States several times in connection with the project, but the Court dismissed the case. 558 F. Supp. 2d at 34. Whatever interest domestic corporations might have in seeking recourse at home, that interest "pales in comparison" to Brazil's "stake in adjudicating a dispute that involves accusations of bribery against government officials and [a development] project of national concern." *Id.* at 35.

The Court should dismiss plaintiffs' claims against SembCorp Marine and Jurong outright, but, if it does not, it should dismiss under forum non conveniens.

## IV. The Complaint Fails To State A Claim For Civil Conspiracy Against SembCorp Marine And Jurong.

Finally, the Court should dismiss the claims against SembCorp Marine and Jurong under Rules 9(b) and 12(b)(6).[4] Allegations of fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[I]n actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met." *Sturdza v. U.A.E.*, 281 F.3d 1287,

---

[4] If the Court dismisses the underlying fraud claims against Petrobras, moreover, the conspiracy claim would fall too. *See, e.g.*, *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009); *United States v. Eisenberg*, 149 F. Supp. 3d 71, 94 (D.D.C. 2015).

1306 (D.C. Cir. 2002); *see also Bank of N.Y. Mellon*, 107 F. Supp. 3d at 48 (civil conspiracy to defraud claim "must" comply with "the heightened pleading standard for fraud" under Rule 9(b)); *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 140-41 (D.D.C. 2013).   Here, plaintiffs' "civil conspiracy allegations are threadbare accusations that fail to state a claim, let alone meet the heightened pleading standard required by Rule 9(b)."  *Geier v. Conway, Homer & Chin-Caplan, P.C.*, 983 F. Supp. 2d 22, 42-43 (D.D.C. 2013) (citation omitted).

Civil conspiracy requires "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme."  *Bank of N.Y. Mellon*, 107 F. Supp. 3d at 48.  Any such agreement must include a single, unified plan.  *See, e.g.*, *Youming Jin*, 335 F. Supp. 2d at 79 n.3. To find an agreement, therefore, courts "must initially look to see if the alleged joint tortfeasors are pursuing the same goal—although performing different functions—and are in contact with one another."  *Halberstam v. Welch*, 705 F.2d 472, 481 (D.C. Cir. 1983).  The complaint's deficiencies on this first "agreement" prong are more than enough to doom plaintiffs' claim.

The "essential element of a conspiracy claim" is the existence of an agreement, *Graves v. United States*, 961 F. Supp. 314, 320 (D.D.C. 1997), and courts routinely dismiss such claims when they lack specific, non-conclusory support for that element.  That has been true, for example, when the complaint failed to describe "when or how [] an agreement was brokered" or how a specific defendant was party to an agreement, *Acosta Orellana v. CropLife Int'l*, 711 F. Supp. 2d 81, 113 (D.D.C. 2010), when plaintiffs "provide[d] no description of the [specific] persons involved in the agreement, the nature of the agreement, [or] what particular acts were taken to form the conspiracy," *Bush v. Butler*, 521 F. Supp. 2d 63, 68-69 (D.D.C. 2007), and

when the conspiracy claim provided no allegations of "events, conversations, or documents" indicating that there was a "meeting of the minds" between any of the defendants, *McCreary v. Heath*, No. Civ.A. 04-0623 PLF, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005); *see also, e.g.*, *Busby*, 932 F. Supp. 2d at 141.

As in each of these cases, plaintiffs' complaint fails to adequately plead the existence of an agreement to defraud between SembCorp Marine, Jurong, and any other defendants.  Instead, the complaint relies on conclusory allegations that do not satisfy Rule 9(b), or even the basic pleading requirements in Rule 8.  Plaintiffs merely assert, "[u]pon information and belief," that "all of the defendants agreed to participate in—and in fact did participate in—the Petrobras Corruption Scheme."  Am. Compl. ¶ 99; *see also id.* ¶ 100 ("with at least the implicit assent of all co-conspirators, Petrobras and its Sete-installed Petrobras cronies fraudulently induced the Funds to invest in Sete").  There is no further detail concerning the formation of this alleged "agreement," save for the trivial specification that it came into being "before and/or during" the time plaintiffs allege they were defrauded.  *Id.* ¶ 101.  Nowhere do Plaintiffs state exactly how or when the alleged agreement was brokered, *Acosta Orellana*, 711 F. Supp. 2d at 113, or any "events, conversations, or documents," that indicate there was a meeting of the minds between SembCorp Marine, Jurong, and their co-defendants for the purpose of allegedly defrauding investors, *McCreary*, 2005 WL 3276257, at *5.

The only factual allegations specific to SembCorp Marine and Jurong do not even concern an alleged conspiracy to defraud.  Rather, plaintiffs merely allege—again, "upon information and belief"—that "a former agent" passed on "bribes to Petrobras executives" to obtain contracts.  Am. Compl. ¶¶ 67; *see also id.* ¶ 60.  Plaintiffs do not show that this former agent, Mr. de Jesus, reached any agreement with anyone to defraud investors.

Moreover, regardless of whether Mr. de Jesus had an agreement with Petrobras or Sete, that does not mean SembCorp Marine or Jurong had any such agreement.  "[G]eneral contentions" that employees acted on behalf of their employer do not support vicarious liability without "corresponding assertions of fact."  *See, e.g.*, *Page v. Mancuso*, 999 F. Supp. 2d 269, 283-84 (D.D.C. 2013); *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 129 (D.D.C. 2012); *Allaithi v. Rumsfeld*, 753 F.3d 1327, 1333 (D.C. Cir. 2014).  And the complaint includes nothing more than general contentions.  *See, e.g.*, Am. Compl. ¶ 60 (alleging Mr. de Jesus paid bribes "on behalf of the SembCorp Shipyard"); *id.* ¶ 100 (defendants "either directly or through their agents, knowingly paid and/or authorized the payment of bribes" for shipbuilding contracts).  Indeed, plaintiffs allege that SembCorp Marine undertook "internal [] investigations" surrounding Mr. de Jesus's conduct, *id.* ¶ 67—an assertion that more plausibly supports the inference that Mr. de Jesus was *not* acting on behalf of SembCorp Marine or Jurong.[5]

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion and dismiss the claim against SembCorp Marine and Jurong.

---

[5] In addition, as SembCorp Industries explains in its brief, the connection to any alleged "conspiracy" is further attenuated by the fact that the complaint contains no basis for attributing any alleged conduct involving Estaleiro Jurong Aracruz Ltda., a shipbuilding company owned by SembCorp Marine and Jurong, Am. Compl. ¶ 24, to Estaleiro's corporate parents.  The complaint is wholly silent on the corporate separation between the entities and thus offers no basis for piercing the corporate veil and treating them as one and the same.

Dated:  August 12, 2016

Respectfully submitted,

SEMBCORP MARINE LTD. AND
JURONG SHIPYARD PTE LTD.

__\s\ Jonathan F. Cohn_____
Jonathan F. Cohn
Joshua Fougere
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Phone:  (202) 736-8000
Facsimile: (202) 736-8711
jfcohn@sidley.com
jfougere@sidley.com

*Counsel for SembCorp Marine
and Jurong*